

# The Attorney General of Texas

June 5, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Ron Jackson
Executive Director
Texas Youth Council
8900 Shoal Creek Blvd.
Austin, Texas 78766

Opinion No. H- 1172

Re: Payment for return trans-
portation to Texas of juvenile
runaways.

Dear Mr. Jackson:

You ask whether an appropriation to the Texas Youth Council may be used to pay travel expenses incurred under Article IV of the Interstate Compact on Juveniles, Family Code, chapter 25. The Executive Director of the Texas Youth Council serves as compact administrator pursuant to section 25.05 of the Family Code. Article IV of the Compact provides a procedure for returning a juvenile "who has not been adjudged delinquent but who has run away. . . ." Family Code § 25.02, art. IV(a). Article IV(b) makes the state to which the juvenile is returned responsible for payment of transportation costs. Section 25.07 of the Family Code provides as follows:

> The compact administrator may make or arrange for the payments necessary to discharge the financial obligations imposed upon this state by the compact or by a supplementary agreement made under the compact, subject to legislative appropriations.

You inform us that a nonadjudicated juvenile runaway was recently taken into custody by South Carolina authorities. The juvenile and her parents are residents of Texas. The compact administrator generally requires the parents to pay the cost of the child's return to Texas; however, in this case they could not afford to. The South Carolina compact administrator paid the costs of transportation and then requested reimbursement for this expense pursuant to article IV of the Compact. You wish to know whether you may reimburse this travel expense from item 5d in the appropriation to the Texas Youth Council.

5.    Community Services:

. . . .

c. Residential Contract Services
d. Non-residential Services
e. Residential Services (Halfway House Operation)

. . . .

General Appropriation Act, Acts 1977, 65th Leg., ch. 872, at 2786.

In our opinion, the Compact provisions and section 25.07 provide preexisting law which would support an appropriation to pay the cost of returning a nonadjudicated runaway to Texas. See Tex. Const. art. 3, § 44; Austin National Bank v. Sheppard, 71 S.W.2d 242 (Tex. 1934); Attorney General Opinion WW-340 (1957). However, we do not believe you are authorized to pay these transportation costs from the item for "[n]on-residential services." Your budget request to the 65th Legislature stated that the expenditure for nonresidential services would aid the adjustment of Texas Youth Council parolees. Budget Estimates — Fiscal Years 1978 and 1979 at 101. Like the items for residential services with which the appropriation groups the nonresidential services item, it appears to be directed at persons already under the supervision of TYC. See Attorney General Opinion H-822 (1976). The TYC appropriation specifically authorizes you to pay the costs of deporting nonresident patients or students and returning Texas patients or students from other states. General Appropriations Act, Acts 1977, 65th Leg., ch. 872, art. II, § 2e, at 2798. These provisions apply to persons under state supervision and not to nonadjudicated juveniles. See Attorney General Opinion H-521 (1975).

We find no indication that the Legislature intended the nonresidential services item to be used to pay the cost of returning nonadjudicated runaways; all indications of legislative intent are to the contrary. Since you have generally not paid such costs, we cannot draw any inferences from legislative acquiesence in administrative practice. In our opinion, the proper course for South Carolina would be to seek reimbursement under the Miscellaneous Claims Act. See V.T.C.S. art. 4351b.

### SUMMARY

The administrator of the Interstate Compact on Juveniles may not use the appropriation to the Texas Youth Council for nonresidential services to pay the cost of returning a nonadjudicated juvenile runaway to Texas.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn